# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

IN RE                                                            )
                                                                 )   **Case No. 08-20164-TLM**
**STEVE F. PARKER, Jr. and**                )
**JACQUELINE PARKER,**                     )
                                                                 )   **Chapter 13**
                        **Debtors.**              )
_____  )

## MEMORANDUM OF DECISION
_____

**INTRODUCTION**

On July 25, 2008, Steve and Jacqueline Parker ("Debtors") filed their "First Amended Chapter 13 Plan and Related Motions." *See* Doc. No. 32 (the "Plan"). The chapter 13 trustee, C. Barry Zimmerman, recommended that Plan be confirmed. *See* Doc. No. 34. No creditors objected to confirmation, or appeared at the August 18, 2008 confirmation hearing.

However, lack of opposition does not guarantee confirmation; the burden is always on the proponent of a chapter 13 plan to establish that all confirmation requirements are met. *Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994) (citing *Chinichian v. Campolongo (In re Chinichian)*, 784 F.3d 1440, 1443-44 (9th Cir. 1986), and noting that in order for the Court to confirm a plan, a

MEMORANDUM OF DECISION - 1

debtor must prove that each element of § 1325 has been met); *In re Farmer*, 186 B.R. 781, 782 (Bankr. D.R.I. 1995) (holding that "[n]otwithstanding the absence of any objection to confirmation, the Court has an independent duty to determine that the plan meets all Code requirements. *See* 11 U.S.C. § 1325(a)(1).").

The Court concludes, for the reasons below, that confirmation of Debtors' Plan must be denied. The following constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014. A separate order will be entered. Fed. R. Bankr. P. 9021.

**FACTS**

Debtors utilized this District's required Model Chapter 13 Plan and Related Motions ("Model Plan"), as revised by the Local Bankruptcy Rules Advisory Committee on January 1, 2008.[1] The Model Plan includes several "related motions." Some are asserted in virtually every chapter 13 case. *See*, *e.g.*, § 4.2 and § 5.1 (moving the Court for an order fixing the amount of secured creditors' claims, *see* Fed. R. Bankr. P. 3012). Other motions are potentially available, but in the Court's experience are used less often. *See*, *e.g.*, § 8 (moving the Court for an order approving the assumption or rejection of unexpired leases or executory contracts).

---

[1] *See* General Order 222 (adopting the model plan and requiring all chapter 13 plans in this district to conform to the model plan with "such alterations as may be appropriate in a particular case"). The model plan can be found on the Court's website: www.id.uscourts.gov.

MEMORANDUM OF DECISION - 2

In this latter category of occasionally used "related motions" is § 9 of the Model Plan, entitled "LIEN AVOIDANCE." This provision of the Model Plan – recited verbatim in the Plan here at issue – states as follows:

> The debtor hereby MOVES, pursuant to 11 U.S.C. sec. 522(f)(1)(A) or (B), Fed. R. Bankr. P. 4003(d), and LBR 4003.2, to avoid the liens of the following creditors. Absent a timely written objection from the creditor, the order of confirmation will avoid its lien, and its claim will be treated under Section 7.2 of this plan.[2]

Debtors' Plan, following this language, then lists six creditors, as follows:

> Judgment in favor of Tom Addis Dodge, Inc., in Kootenai County Case No. CV06-7878, Recorded as Instrument No. 2087717000, records of Kootenai County, Idaho.
>
> Judgment in favor of Ford Motor Credit Company, a Delaware Corporation, in Kootenai County Case No. CV065-547, Recorded as Instrument No. 2031295000, records of Kootenai County, Idaho.
>
> Order Taxing Costs entered in favor of C&S Management and Development, Inc., an Idaho corporation, in Kootenai County Case No. CV02-1463, Recorded as Instrument No. 1728380, records of Kootenai County, Idaho.
>
> Abstract of Judgment entered in favor of TXCollect, Inc., in Kootenai County Case No. CV04-2321, Recorded as Instrument No. 1914250, records of Kootenai County, Idaho.
>
> Judgment entered in favor of State of Idaho, *ex, rel.* Industrial Commission, in Kootenai County Case No. CV03-9005, Recorded as Instrument No. 1853486, records of Kootenai County, Idaho.
>
> Judgment entered in favor of Coeur d'Alene Adjustment Bureau, in

---

[2] The referenced § 7.2 of the plan provides for pro rated distribution to general unsecured creditors from funds available after payment of priority creditors and secured creditors.

MEMORANDUM OF DECISION - 3

>   Kootenai County Case No. CV06-4670, Recorded as Instrument No.
>   2057868000, records of Kootenai County, Idaho.

Doc. No. 32 at 10.  Other than listing the six creditors and liens, no further information or allegations are inserted in § 9 of Debtors' Plan.  That is, Debtors made no other "alterations [to the Model Plan] as may be appropriate in a particular case."  *See* Gen. Order 222.

Debtors served this Plan and a notice of confirmation hearing on all creditors on a master mailing list ("MML") in the form attached to the notice.  *See* Doc. No. 33.  Two of the above listed creditors are shown on the MML, as follows:

>   Coeur d'Alene Adjustment Bur[3]         State of Idaho
>   PO Box 7100                             Industrial Commission
>   Coeur d'Alene, ID 83816-1940            PO Box 83720
>                                           Boise, ID 83720-0041

Three of the above creditors, C&S Management and Development, Inc., Ford Motor Credit Company, and TXCollect, Inc., are listed as "undeliverable" on the

---

[3] The inadequacy of this form of service under Rule 7004(b)(3) is addressed below. Another point, however, can be made.  The Court has determined that, according to the Idaho Secretary of State, Coeur d'Alene Adjustment Bureau is an assumed business name for Chapman Financial Services, Inc.  *See* www.sos.idaho.gov.  Debtors may have determined this as well because they also served "Chapman Financial Services, Inc." by mail addressed to PO Box 7100, Coeur d'Alene, ID 83816-1940 and "Chapman Financial Services" by mail to 316 N. 4th St., Coeur d'Alene, ID 83814-2812.  (Incidentally, this service also fails to meet Rule 7004(b)(3) requirements.)  Nothing in the Plan, motion or service certificate indicated the relevance of Debtors' service on Chapman Financial Services.  The Court independently searched the Idaho Secretary of State's records to provide some clarity in today's Decision, but it is not the Court's burden to undertake any independent effort to explain facially inadequate or ambiguous service certificates.  The burden falls on the serving party alone to show how service was made and why that service is proper.

MML and have no accompanying addresses shown at all. And the final creditor, Tom Addis Dodge, Inc., is not listed on the MML in any identifiable fashion.

## DISCUSSION AND DISPOSITION

### A. Inadequate motion

Section 522(f)(1)[4] allows a debtor to avoid certain judicial liens or security interests[5] from fixing on property of the debtor to the extent such liens impair an exemption of the debtor.[6] In order to utilize this avoidance power, Rule 4003(d) requires a motion in accord with Rule 9014.[7]

Such a motion must set forth sufficient factual detail and allegations to establish that the creditor has a judicial lien, or a security interest of the sort and in the types of collateral, assailable under § 522(f)(1), and to establish to what extent such lien or interest impairs an exemption under § 522(f)(2). This Court has regularly denied § 522(f) motions that fail to provide such detail, or where the

---

[4] In pertinent part, this section provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or – (B) a nonpossessory, nonpurchase-money security interest in [certain specified types of personal property]."

[5] *See* § 101(36) (defining "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding"); § 101(50) (defining "security agreement" as "an agreement that creates or provides for a security interest"); § 101(51) (defining "security interest" as a "lien created by an agreement").

[6] Whether and to what extent a judicial lien or security interest "impairs" an exemption for purposes of the avoidance provisions of § 522(f) is addressed in § 522(f)(2).

[7] Such motions are also subject to Local Bankruptcy Rule 4003.2.

MEMORANDUM OF DECISION - 5

information provided shows that the challenged lien or security interest is not properly avoidable.  *See*, *e.g.*, *In re Matlock*, 02.3 I.B.C.R. 140, 141, 2002 WL 33939729 (Bankr. D. Idaho 2002) (discussing the inapplicability of § 522(f) in avoiding statutory liens).

The "related motion" for lien avoidance, found within Debtors' Plan, does not satisfy the basic and fundamental pleading requirements for a motion to avoid a lien under § 522(f).  For example, by using only the Model Plan's language, without "appropriate alterations," Debtors' motion does not:

– specify and adequately identify the property (presumptively real property) that is involved;

– specify the exemption (presumptively a homestead exemption) that is claimed;

– assert such property's fair market value as of the petition date;

– identify the existence and amount of any consensual secured creditors with unavoidable interests in such property;

– calculate and assert the remaining value in the property which is subject to the properly claimed exemption after such consensual creditors' claims are considered;

– present the statutory analysis, required under § 522(f)(1) and specified in § 522(f)(2), establishing that the contested liens in fact "impair" the claimed exemption and, importantly, the "extent" to which the various liens impair the exemption and are sought to be avoided.

Inclusion of the § 522(f) avoidance motion within Debtors' plan as a "related motion" does not somehow eliminate these essential pleading

MEMORANDUM OF DECISION - 6

requirements. Indeed, it is facially apparent that the language in the Model Plan is not adequate, without adaptation, to satisfy these pleading requirements.[8] Thus, the burden is squarely on chapter 13 debtors and their counsel to take the language of the Model Plan and then modify and complete it as necessary in a given case, to provide an adequate § 522(f) motion.[9]

As written in Debtors' Plan here, the avoidance motion is insufficient and cannot be granted.

### B. Inadequate service

In addition to failing to meet the substantive requirements for § 522(f) relief, Debtors have failed to properly serve and provide notice of the motion to the affected judicial lien creditors.

This Court has repeatedly held that the service requirements of Rule 7004 apply to motions to avoid liens under § 522(f). *See In re Christman*, 04.4 I.B.C.R. 165, 2004 WL 2757926 (Bankr. D. Idaho Nov. 16, 2004); *In re Lancaster*, 03.1 I.B.C.R. 31, 2003 WL 109205 (Bankr. D. Idaho Jan. 3, 2003); *see also Beneficial*

---

[8] To attempt to insert into any "model" or "standard" plan language the myriad possibilities and variations of liens, security interests and exemptions possible under § 522(f)(1)(A) and (B) would be unwieldy and unworkable. Even if such a revision to the Model Plan language were possible, it could not provide the case-specific factual information, such as property identification, identification of recorded liens, assertion of property values and lien amounts, presence of unavoidable consensual liens, extent of exemption impairment, etc., necessarily at issue with each such motion and unique to each bankruptcy case.

[9] Many counsel do. Others prepare "stand alone" § 522(f) motions that are prosecuted separately from plan confirmation.

MEMORANDUM OF DECISION - 7

*California Inc. v. Villar (In re Villar)*, 317 B.R. 88 (9th Cir. BAP 2004) (addressing inadequacies of service of a § 522(f) motion).

As noted by this Court in *In re Millspaugh*, 302 B.R. 90, 04.1 I.B.C.R. 25 (Bankr. D. Idaho 2003), "[s]imply mailing the plan and notice of confirmation under Rule 2002 will not be sufficient, *unless* the MML contains an address for the affected creditor that complies with the requirements of Rule 7004(b)." 302 B.R. at 102, 04.1 I.B.C.R. at 30 (emphasis added).[10] *See also In re Olson*, 05.4 I.B.C.R. 91, 2005 WL 4705071 (Bankr. D. Idaho Nov. 9, 2005) (setting aside a confirmation order due to the debtors' failure to properly serve a creditor under Rule 7004(h) while attempting to strip off that creditor's lien through a chapter 13 plan).

Since service of the § 522(f) related motion must meet Rule 7004, Debtors had to file an appropriate certificate of service reflecting their compliance with that Rule.[11] Here, Debtors' certificate reflects service was made on only *two* of the *six* affected creditors. And even the service on those two creditors does not

---

[10] While *Millspaugh* dealt with a valuation motion under Rule 3012 designed to "strip off" a wholly unsecured mortgage in a chapter 13 plan, the analysis of proper service is relevant here since such Rule 3012 motions, like § 522(f)/Rule 4003 motions, require service in accord with Rule 7004.

[11] As *Millspaugh* suggests, it is possible for a certificate of service that relies on an attached MML to establish proper service, *but only* if that MML shows an address for a given creditor that meets the express and detailed requirements of Rule 7004 (such as Rule 7004(b)(3) for corporations and partnerships, or Rule 7004(b)(6) for states, municipal corporations and governmental organizations). Ultimately, the burden is on the movant to show proper service. *Olson*, 05.4 I.B.C.R. at 92.

MEMORANDUM OF DECISION - 8

comply with Rule 7004(b) requirements. Debtors' service on Coeur d'Alene Adjustment Bureau does not comply with Rule 7004(b)(3),[12] and service on the State of Idaho Industrial Commissions does not comply with Rule 7004(b)(6).[13] Of course, the other four judicial lien creditors received no notice at all.

Based on the certificate of service of record, Debtors have failed to provide adequate notice to any of the affected creditors of the motion in their Plan seeking to avoid those creditors' judgment liens. As such, Debtors' motion could not be granted even if the Court were able to overlook the pleading deficiencies.

**CONCLUSION**

Due to the insufficient allegations within Debtors' Plan-based "related motion" to avoid liens under § 522(f), and further due to the inadequate service on the creditors affected by such motion, the Court will deny the motion. It further

---

[12] Rule 7004(b)(3) provides for service by first class mail, postage prepaid:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

[13] Rule 7004(b)(6) provides for service by first class mail, postage prepaid:

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

MEMORANDUM OF DECISION - 9

will deny confirmation of Debtors' Plan.[14]  An order will be entered by this Court accordingly.

DATED: October 10, 2008

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[14] Absent lien avoidance, the judicial liens of the half-dozen indicated creditors remain as outstanding secured claims on Debtors' property.  Such secured claims are not provided for in the Plan under any provision of § 1325(a)(5) and, if not provided for, their existence and lack of treatment creates issues under § 1325(a)(1), (3) and (6).

MEMORANDUM OF DECISION - 10